Entered on Docket October 21, 2025

**Below is the Order of the Court.**



**Timothy W. Dore**
**U.S. Bankruptcy Court**
**(Dated as of Entered on Docket date above)**

---


TIMOTHY W. DORE
United States Bankruptcy Judge
700 Stewart Street, Room 8106
Seattle, WA 98101
(206) 370-5300


**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| In re:<br><br>WIRELESS ADVOCATES, LLC,<br><br>Debtor. | Bankruptcy No. 23-10117-TWD |
| VIRGINIA BURDETTE, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>SMITH BUNDAY BERMAN BRITTON, PS,<br><br>Defendant. | Adversary No. 25-01021-TWD<br><br>**ORDER SETTING DEADLINES AND TRIAL DATE** |

1. Trial Setting. This adversary proceeding is set for a one day non-jury trial commencing at 9:30 a.m. on April 9, 2026 in the United States Bankruptcy Court, 700 Stewart Street, Courtroom 8106, Seattle, Washington. If a party anticipates that the trial will take longer, it must, within ten days of the date of this order, notify the Court and the other parties by letter electronically filed with the Court, of the anticipated length of trial.

2. Compliance. Failure to comply with the procedures and deadlines set forth in this order may result in sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1) without further notice. Sanctions for failure to comply with this order may be ordered without further notice and may include striking pleadings, dismissing this adversary proceeding with prejudice, and rendering a default judgment against the disobedient party.

3. Disclosures. Disclosure material, except for the disclosure material required by Federal Rule of Civil Procedure 26(a)(3), shall not be filed with the Court except as exhibits or as evidence on a motion or at trial.

a. Initial Disclosures. All parties shall make the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) and Federal Rule of Bankruptcy Procedure 7026 by November 10, 2025.

b. Expert Disclosures. All parties shall make the expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) and Federal Rule of Bankruptcy Procedure 7026 by December 22, 2025.

c. Non-expert Disclosures. All parties shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(3) and Federal Rule of Bankruptcy Procedure 7026 by March 9, 2026.

4. Deadlines. The following deadlines will not be routinely extended absent a showing of diligent prosecution and compliance with this order. All requests for an extension must be made by motion, noticed to all parties, and set for hearing before the applicable deadline.

a. Consent to Entry of Final Adjudication. Each party shall comply with the requirements of Federal Rules of Bankruptcy Procedure 7008 and 7012(b). Each party shall also comply with Local Bankruptcy Rule 7012-1 by filing a Notice Regarding Final Adjudication and Consent containing all of the information required by Local Bankruptcy Rule 7012-1(a) by November 3, 2025. As set forth in Local Bankruptcy Rule 7012-1(c), failure by a party to file a Notice Regarding Final Adjudication and Consent by November 3, 2025, shall constitute that party's consent to entry of final orders or judgments by the bankruptcy judge.

b. Mediation Certification. The parties shall file the Mediation Certification required by Local Bankruptcy Rule 9040-3 by November 17, 2025.

c. Amended Pleadings and Joinder. All amendments to the pleadings authorized by Federal Rule of Civil Procedure 15(a) and Federal Rule of Bankruptcy Procedure 7015 and the joinder of any parties pursuant to Federal Rules of Civil Procedure 19 and 20 and Federal Rules of Bankruptcy Procedure 7019 and 7020 must be completed by December 22, 2025.

d. Discovery. All discovery shall be completed by January 29, 2026.

e. Business Records. Any party intending to offer a record into evidence by declaration pursuant to Federal Rules of Evidence 902(11), 902(12), and 803(6) must provide written notice of that intention to all adverse parties, and must

make the record and declaration available for inspection on or before January 29, 2026.

f. Dispositive Motions. Dispositive motions must be filed and served such that the hearing is held by March 13, 2026.

g. Exhibits. All parties must exchange their proposed exhibits by March 26, 2026.

h. Motions in Limine. Motions in limine must be filed April 2, 2026.

i. Briefs. Trial briefs must be filed by April 2, 2026. Trial briefs shall include, as an attachment, proposed findings of fact and conclusions of law.

j. Pretrial Order. The parties shall comply with Local Bankruptcy Rule 7016-1(b) in the preparation and filing of a proposed pretrial order. The pretrial order must be filed by April 2, 2026. If the pretrial order is not timely filed, the trial may be stricken.

5. Exhibits.

a. Numbering and Format. A number sequence shall be used for all exhibits (including experts' declarations), with prefixes indicating the offering party, plaintiff or defendant (i.e., P1, P2, P3, etc; D1, D2, D3, etc.). Exhibits shall be pre-marked in accordance with this order. Any documentary exhibits which can reasonably be submitted on 8-1/2 by 11 inch paper shall be, with text on one side only.

b. Binders. Any party submitting exhibits shall submit the exhibits in 3-ring binders. The binders shall include an index of the exhibits and each exhibit shall be separated with an index tab marked with the identification as set forth in paragraph 5(a).

c. Submission of Exhibits to Court. Parties intending to offer exhibits shall deliver to the Court's chambers four sets of exhibits in 3-ring binders for use exclusively by the Court and the witnesses by April 3, 2026.

6. Settlement. The parties shall promptly notify the Court if the matter is settled.

7. Confirmation. The parties shall confirm that the trial is going forward by April 3, 2026 using the E-Docket Confirmation Process and notifying any party not represented by a lawyer by mail, e-mail, or telephone. Failure to comply may result in the trial being stricken and this adversary proceeding dismissed with prejudice. Parties who are not represented by a lawyer may confirm by contacting the Court's chambers at (206) 370-5301.

8. Continuances. An agreed continuance may be requested by filing a letter addressed to the judge. The letter should include a representation that the continuance is agreed and

proposed revised deadlines. A contested request for continuance must be made by motion and noted for hearing at least one week prior to the date of the trial. Contested requests for a continuance are not routinely granted by the Court. Unless the trial has been continued by order of the Court, the parties will be expected to appear for trial as scheduled. The parties must contact Judge Dore's law clerk, Christopher Dale, at 206-370-5302, for available trial dates.

9. Pretrial Conference. If a party believes a pretrial conference would be beneficial, it may request one by filing a letter with the Court.

**/// End of Order ///**